1 F.3d 1252
 28 U.S.P.Q.2d 1399
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Joseph F. BUTERA, Appellant.
 No. 93-1041.
 United States Court of Appeals, Federal Circuit.
 June 1, 1993.
 
 Before RICH, PLAGER, and LOURIE, Circuit Judges.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 Joseph F. Butera appeals from the May 22, 1992 decision of the Patent and Trademark Office Board of Patent Appeals and Interferences, Appeal No. 92-1834, as supplemented on reconsideration on July 29, 1992, affirming the rejection of his design patent application, Serial No. 07/393,307, as unpatentable for obviousness under 35 U.S.C. Sec. 103 (1988). We reverse.
 
 DISCUSSION
 
 2
 Butera's invention relates to a scalloped or ridged spherical design for a combined insect repellent and air freshener. The claimed design was rejected as unpatentable over U.S. Patent Des. 210,586 to Hodge, which discloses a design for a metal ball anode and which the Board found to be almost identical to Butera's claimed design. Relying on In re Glavas, 230 F.2d 447, 109 USPQ 50 (CCPA 1956), the Board affirmed the rejection, stating that "if the prior art discloses any article of substantially the same appearance as that of an applicant, it is immaterial what the use of such article is." Slip op. at 3.
 
 
 3
 We disagree with the Board. Preliminarily, its reliance on Glavas was unsound. The statement on which the Board relied related to anticipation under 35 U.S.C. Sec. 102(a) (1988), not obviousness under section 103. Additionally, Glavas involved a combination of references asserted to render a claimed design obvious, whereas the present case concerns whether a single prior art reference renders the design obvious.
 
 
 4
 The key point, however, is that the only reference cited in this case is non-analogous art. Thus, there is no prior art citable against the claimed design. A prerequisite for citation of a reference in an obviousness rejection is that the art be analogous. Section 103 states that an invention is not patentable
 
 
 5
 if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.
 
 
 6
 (Emphasis added). Whether a prior reference is analogous is a fact question. In re Clay, 966 F.2d 656, 658, 23 USPQ2d 1058, 1060 (Fed.Cir.1992). We review the Board's finding on this issue under the clearly erroneous standard. Id.
 
 
 7
 Our predecessor court determined that "one of ordinary skill in the art to which [the] subject matter pertains" in design cases is a "designer of ordinary capability who designs articles of the type presented in the application." In re Nalbandian, 661 F.2d 1214, 1216, 211 USPQ 782, 784 (CCPA 1981). The "art to which the subject matter pertains" thus consists of articles of the type claimed.
 
 
 8
 Butera argues that Hodge is not an article of the same type as Butera's; it is not analogous art to an ordinary designer of air fresheners and insect repellents. The PTO asserts that Butera's and Hodge's designs are both for spherical objects, and that one therefore makes the other obvious. We agree with Butera.
 
 
 9
 A prior design is of the type claimed if it has the same general use as that claimed in the design patent application. Although Butera and Hodge share a similar scalloped spherical design, Butera's design is for air fresheners and insect repellents, while Hodge's is for metal ball anodes. The design of Hodge involves a different type of article from Butera's design and it is not analogous. One designing a combined insect repellent and air freshener would therefore not have reason to know of or look to a design for a metal ball anode. Since Hodge is not analogous, the Board clearly erred in finding Hodge to be citable as prior art. Therefore there was no basis for rejecting Butera's claimed design as obvious.
 
 
 10
 PLAGER, Circuit Judge, dissents.